SARAH LAGINSKY, as Administratrix, etc., of SAMUEL LAGINSKY, Deceased, Respondent, *v.* JACOB SHAPIRO, Doing Business under the Name and Style of M. SHAPIRO & SON, and THE WILLIAM BAYLEY Co., Appellants.

First Department, June 23, 1936.

*Frederick L. Thielmann* of counsel [*James J. Mahoney* and *George J. Stacy* with him on the brief], for the appellant Jacob Shapiro, doing business, etc.

*William E. Lyons* of counsel [*Barnett Cohen*, attorney], for the appellant The William Bayley Co.

*Joseph G. Saile* of counsel [*Thomas J. O'Neill* with him on the brief, attorney], for the respondent.

PER CURIAM. We consider this record presented solely questions of fact which were properly submitted to the jury in a full, fair and impartial charge to which plaintiff took no exceptions, except as to the measure of damages which is here immaterial. There was sufficient evidence to support the finding of the jury that the steel window frame was installed in accordance with approved construction practice for this type of construction and that the negligence of the coworker of the deceased was the proximate cause of the accident. Accordingly it was error on the part of the trial court to set aside the jury's verdict in favor of the defendants.

The order setting aside the verdict of the jury and granting a new trial should be reversed, with costs and disbursements, the motion denied, and the verdict reinstated.

Present — MARTIN, P. J., McAVOY, UNTERMYER, DORE and COHN, JJ.

Order unanimously reversed, with costs and disbursements, the motion denied and the verdict reinstated.